UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-20434-CR-KMW

UNITED STATES OF AMERICA

v.

NABIL IBRAHIM ABU NAHLAH,

    Defendant.
_____/

## FACTUAL PROFFER

The United States and Defendant Nabil Ibrahim Abu Nahlah ("defendant" or "Nahlah") agree that had this case gone to trial, the Government would have proved the following facts, among others, beyond a reasonable doubt, and that these facts are true and correct and establish Defendant's guilt of the offense to which he has been charged, namely, procurement fraud, in violation of Title 18, United States Code, Section 1031.

At all relevant times, Nahlah was the sole owner and operator of The Noble Attorney, LLC (hereinafter "Noble Attorney"), located in Miami Beach, Florida. In February of 2021, during the COVID-19 pandemic, the United States Department of Veteran's Affairs ("VA") posted a request for quotes ("RFQ") regarding the purchase of nitrile medical examination gloves, according to detailed specifications. The VA is a federal agency that provides comprehensive health care services to eligible military veterans at VA medical centers and outpatient clinics throughout the United States.

On or about February 9, 2021, on behalf of Noble Attorney, Nahlah submitted a proposal to the VA in response to the RFQ. The proposal was emailed from the Southern District of Florida

1

to a VA location in Tennessee via interstate wire communications. In the proposal, Nahlah offered to sell 50 million Mercator brand mCare nitrile gloves to the VA in exchange for approximately $7.4 million. As set forth in the proposal, these gloves met the technical specifications of the RFQ. As part of the proposal, Nahlah falsely represented that Noble Attorney was an authorized distributor of Mercator products, and that Noble Attorney had 25 million mCare gloves in stock and available for immediate delivery.

As part of the approval process, VA representatives asked Nahlah for an authorized distributor letter ("ADL") from Mercator for Noble Attorney. The purpose of the ADL was to guarantee that the gloves came from the manufacturer only through authorized channels and to avoid the VA purchasing and receiving counterfeit or grey market products. In response to the request from the VA, on or about April 12, 2021, Nahlah used his own GoDaddy.com account to create an internet domain in the name of "mercatomedical.co" which mimicked the true internet domain for Mercator but used the word "Mercato" (without the letter "r") rather than "Mercator" (with the letter "r"). Nahlah then created an email account using the fake mercatomedical.co domain in the name of "Arthit Anong," namely Arthit@mercatomedical.co. Subsequently, Nahlah sent, via interstate wire communications, a phony ADL that contained the fake email address for "Arthit Anong, International Sales Manager for Mercator Medical" to the VA falsely stating that the Noble Attorney was authorized by Mercator to distribute its products. VA representatives later contacted the fake email address to confirm the ADL's authenticity, at which time the VA received a positive response, via interstate wire communications, from "Arthit Anong."

Based on the material misrepresentations and false pretenses, on or about April 23, 2021, the VA awarded Noble Attorney a purchase order ("PO") for the procurement of 25 million



Mercator mCare gloves for approximately $3.9 million. Thereafter, Nahlah shipped gloves to the VA that did not meet the technical specifications described in the RFQ and PO. In fact, many of the gloves delivered to the VA were not mCare gloves, rather they were a mixture of other unapproved glove brands. Based on the failure to provide the gloves agreed upon, the VA terminated the PO.

Upon further investigation, agents from VA-OIG and FDA-OCI learned that Nahlah and the Noble Attorney were not authorized to distribute Mercator products and that Mercator did not employ anyone named Arthit Anong. Furthermore, agents learned that Mercator ceased production of the mCare glove, due to counterfeit concerns, approximately one year prior to VA awarding the Noble Attorney's mCare glove PO. Additionally, subsequent investigation revealed the VA awarded the Noble Attorney previous POs for other pandemic related personal protective equipment. In one of those proposals, for the procurement of approximately 7 million nitrile gloves, Nahlah made similar misrepresentations as to the Noble Attorney's status as an authorized distributor of the products in question and, similarly to the Mercator mCare glove PO, Nahlah initially shipped different branded gloves to the VA without prior approval.

The parties agree that the loss figure in this case is approximately $124,809, which represents the total value of the unauthorized goods the Noble Attorney sent to, and were paid for by, the VA.

3



The foregoing facts do not describe all the details of the scheme but are offered for the limited purpose of establishing a sufficient factual basis to support Defendant's plea of guilty to the charge of procurement fraud. The government would prove these facts with witness testimony, business records, emails, samples of the gloves, expert testimony and other records.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 12/27/24      By: _____
                        Jon Juenger
                        Assistant U.S. Attorney

Date: 9/24/2024     By: _____
                        Peter Heller
                        Attorney for Nabil Ibrahim Abu Nahlah

Date: 9/24/2024     By: _____
                        Nabil Ibrahim Abu Nahlah
                        Defendant

4